```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISON
```

**EUGENE PRITCHARD, III, #317998,**  \*
                                            \*
    **Petitioner,**                      \*
                                              \*
**vs.**                                        \* **CIVIL ACTION NO. 19-00042-CG-B**
                                              \*
**STATE OF ALABAMA,** *et al.*,      \*
                                              \*
    **Respondent.**                    \*

## **REPORT AND RECOMMENDATION**

Petitioner Eugene Pritchard, III, an Alabama prison inmate in the custody of Respondent, filed a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.[1] Upon careful consideration, it is recommended that Pritchard's habeas corpus petition and this action be dismissed without prejudice so that Pritchard can exhaust his state remedies. It is further recommended that any request for a certificate of appealability be denied, as Pritchard is not entitled to appeal *in forma pauperis*.

---

[1] The record is adequate to determine that this action should be dismissed; thus, no evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

**I.   BACKGROUND**

On December 20, 2018, following a bench trial, Pritchard was convicted in the Circuit Court of Mobile County, Alabama of offering a false instrument for recording against a public official. (Doc. 16-2 at 1; Doc. 16-3 at 1). In February 2019, Pritchard received consecutive ten-year prison sentences for his convictions for offering a false instrument for recording against a public official in case numbers CC-2018-1496 and CC-2018-1497.[2] (Doc. 16-2 at 1; Doc. 16-3 at 1). Pritchard gave oral notice of appeal at his sentencing hearing on February 21, 2019. (Doc. 16-2 at 2). On March 20, 2019, the Alabama Court of Criminal Appeals docketed Pritchard's appeal of his convictions in case numbers CC-2018-1496 and CC-2018-1497. (Doc. 16-3 at 1). Pritchard's direct appeal of his convictions in those cases remains pending before the Alabama Court of Criminal Appeals.

In January 2019, while he was detained at the Mobile County Metro Jail[3] awaiting sentencing for his convictions in case numbers

---

[2] Pritchard's consecutive sentences for offering a false instrument for recording against a public official in case numbers CC-2018-1496 and CC-2018-1497 were also ordered to run consecutively with his October 31, 2018 sentence for first-degree possession of marijuana in case number CC-2017-4996. (Doc. 16-2 at 1). In that earlier case, Pritchard received a thirty-two-month prison sentence that was suspended four years pending good behavior, and he was placed on formal probation following the sentencing hearing. (See Doc. 4 at 10).

[3] On April 21, 2019, Pritchard gave notice that he had been transferred from Metro Jail to Kilby Correctional Facility. (Doc.

CC-2018-1496 and CC-2018-1497, Pritchard filed a document in this Court entitled "Petition for Writ of Habeas Corpus by an Alien Amy [sic] in State Constructive Custody (Not Sentenced to Death)". (Doc. 1). Because his petition was not on the form required by this Court for habeas petitions, the Court ordered Pritchard to file his petition on the current Court form for § 2254 habeas petitions. (Doc. 3). Pritchard, as ordered, filed a new petition on this Court's form on March 22, 2019, wherein he clarified that he is attacking his convictions in case numbers CC-2018-1496 and CC-2018-1497. (See Doc. 4 at 2). In his petition, Pritchard lists the following as grounds for relief: (1) "Lack of jurisdiction (personum [sic] & subject matter)"; (2) "Violation of United States Constitution of America Art. 3 Sect. 2, Article 6 (supreme law of land; treaty series 244-2,246,358)"; (3) "Violation of due process (Amendment V & VI)"; (4) "Speedy Trial Docterine" [sic]; (5) "Religous [sic] Prejudice; violation of 1st Amendment. Executive Order No. 13798 & Alabama Amendment 622"; (6) "Authority under Color of Law"; (7) "Loss of identity, religion, former nationality, birthright & inheritance"; (8) "Obstruction of justice"; (9) "Genocide"; (10) "Sham proceeding"; (11) "Lynch law"; (12) "Restrain [sic] of liberty"; and (13) "Prosecutorial vindictiveness". (Doc. 4 at 14).

---

5). He was subsequently transferred to Ventress Correctional Facility, where he is currently incarcerated. (See Docs. 13, 15).

Respondent filed an answer on September 26, 2019. (Doc. 16). In the answer, Respondent asserts that because Pritchard's direct appeal of his convictions is still pending and remains unexhausted in state court, this Court should dismiss Pritchard's federal habeas petition without prejudice to allow him to exhaust his remedies in state court. (Id. at 5). Pritchard in turn filed a document requesting thirty days to file a response to Respondent's answer. (Doc. 17). While Pritchard sought additional time to respond, he did not dispute Respondent's assertion that his state appeal is still pending.

## II. DISCUSSION

A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has a right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (emphasis in original). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. A conviction pending on

direct appeal is not exhausted for purposes of 28 U.S.C. § 2254(b). Griffin v. Crews, 2014 U.S. Dist. LEXIS 46774, 2014 WL 1347018, at *3 (S.D. Fla. Apr. 4, 2014).

If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. See Anderson v. Harless, 459 U.S. 4, 6 & 7-8 (1982). A habeas petition should be dismissed "if state remedies had not been exhausted as to *any* of the federal claims." Castille v. Peoples, 489 U.S. 346, 349 (1989) (emphasis added).

As Pritchard's direct appeal of his convictions is still pending in the Alabama Court of Criminal Appeals, it is clear that Pritchard's habeas petition was prematurely filed and that he has failed to exhaust his state remedies with regard to his federal habeas claims. Under federal statutory law, this Court cannot grant a petition for habeas corpus under § 2254 if the petitioner has not exhausted his claims in state courts. 28 U.S.C. § 2254(b)(1)(A). As such, this Court cannot rule on Pritchard's petition. See McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005); see also Rose v. Lundy, 455 U.S. 509, 518 (1982).

Therefore, it is recommended that Pritchard's petition and this action be dismissed without prejudice to allow Pritchard to pursue and exhaust available state remedies.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). As Pritchard has not exhausted his available state court remedies, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Pritchard should be allowed to proceed further. See id. ("Where a plain procedural

6

bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Pritchard's petition should be dismissed.  As a result, Pritchard is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Pritchard's petition and this action be **DISMISSED without prejudice** to allow Pritchard to pursue and exhaust available state remedies.  It is further recommended that the Court find that Pritchard is not entitled to a certificate of appealability and is not entitled to proceed *in forma pauperis* on appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **November, 2019.**

                                      **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**